```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

NICHOLAS V. LIAKAS,            )
                               )
          Plaintiff,           )
                               )
     v.                        )    C.A. No. 04-10354-NG
                               )
UNITED STATES DEPARTMENT OF    )
EDUCATION c/o AMERICAN STUDENT )
ASSISTANCE,                    )
                               )
          Defendant.           )
```

## MEMORANDUM

Now before the Court is plaintiff Nicholas Liakas' self-prepared complaint against the Department of Education. For the reasons set forth below, plaintiff is advised that his complaint is subject to dismissal unless plaintiff demonstrates good cause why his complaint should not be dismissed.

## BACKGROUND

On February 20, 2004, Mr. Nicholas Liakas of Dracut, Massachusetts, submitted for filing his self-prepared complaint accompanied by an Application to Proceed Without Prepayment of Fees and Affidavit ("IFP Application"). By Order dated March 2, 2004, plaintiff's IFP Application was granted. On October 26, 2004, plaintiff filed a copy of a one-page notice he received from American Student Assistance

dated August 13, 2004 concerning his defaulted student loans.

Plaintiff's complaint concerns his repayment of several defaulted student loans. The complaint's jurisdictional statement states this Court has jurisdiction "because of a violation of federal law." See Compl., ¶ 3. The complaint does not specify what type of student loans plaintiff incurred; rather the complaint simply states that plaintiff has been paying $50 month towards his outstanding student loans. Id. at ¶ 4.

Plaintiff alleges that American Student Assistance ["ASA"], apparently the guarantor of his Department of Education student loan(s), successfully brought suit in 2001 against plaintiff in Malden District Court. Id. Plaintiff was ordered to pay $50 per month. Id.

Plaintiff complains that ASA has been "taking all [of his] federal tax credits and refunds" and "taking 15% of [his] Social Security check." Id. at ¶ 5. Plaintiff further complains that ASA has not responded to his request for an accounting of his loan status. Id. Plaintiff seeks to enjoin the defendant from levying his social security benefits. Id. at ¶ 6.

REVIEW

Because plaintiff has moved to file without prepayment of

fees, a summons has not issued in order to allow a preliminary review of plaintiff's complaint to see that it satisfies the requirements of the federal in forma pauperis statute, 28 U.S.C. § 1915.

Section 1915 of Title 28 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). An in forma pauperis complaint may be dismissed sua sponte and without notice under Section 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless. Id.; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

## DISCUSSION

Plaintiff's complaint does not dispute the validity of his debt. Instead, plaintiff complains of (1) the levying of his social security benefits and federal tax refunds and (2) the defendant's failure to respond to his request for an account summary. Even construing plaintiff's complaint generously, Haines v. Kerner, 404 U.S. 519, 520-521, 92 S. Ct.

594, 30 L. Ed. 2d 652 (1972), plaintiff's complaint is subject to dismissal for the reasons stated below.

To the extent plaintiff's complaint is construed pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., plaintiff's complaint fails to state a claim because the Department of Education does not fall within the definition of a "debt collector."  The FDCPA was established for the purpose of eliminating abusive, deceptive, and unfair debt collection practices by debt collectors, 15 U.S.C.A. § 1692d(e), and imposes civil liability on those who properly fall within the definition of a "debt collector."  See 15 U.S.C.A. § 1692k. Because the Department of Education does not fall within the definition of a "debt collector," plaintiff's complaint fails to state a claim under the FDCPA.  See Chatmon v. U.S. Dept. of Educ., No. 3:02CV2776-P, 2003 WL 21501919, at *2 (N.D. Tex. June 24, 2003) (citations omitted).

As a sovereign, suits against the United States or its agencies are only permitted to the extent that the federal government has waived its sovereign immunity.  See United States v. Mitchell, 463 U.S. 206, 212 (1983); Tapia-Tapia v. Potter, 322 F. 3d 742, 745 - 746 (1st Cir. 2003) (holding that doctrine of sovereign immunity bars claims for monetary damages against the United States, the United States Postal

4

Service and the Postmaster General in his official capacity).

Pursuant to Section 2675 of the FTCA, a claimant suing the federal government must file an administrative claim with the appropriate agency prior to instituting suit in federal court.[1] Only after the claim has been denied, or six months has passed, whichever is first, may the claimant bring suit in federal court.  See 28 U.S.C. § 2675(a).  Here, plaintiff's complaint fails to allege whether he complied with the requirements of the FTCA by filing a timely administrative claim.

However, even if plaintiff complied with the exhaustion requirements of the FTCA, the waiver of sovereign immunity found in Higher Education Act of 1965 ("HEA"), 20 U.S.C. § 1082(a)(2) does not extend to the type of injunctive relief sought by plaintiff.

Section 1082 of Title 20, which waives the federal government's sovereign immunity by allowing the Secretary of

---

[1] 28 U.S.C. § 2401(b) provides: "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."

Education to sue and be sued, also prohibits injunctions against the Secretary of Education, except when the Secretary exercises powers that are clearly outside his statutory authority. See 20 U.S.C. § 1082(a)(2) ("no attachment, injunction, garnishment, or other similar process, mesne or final, shall be issued against the Secretary or property under the Secretary's control...").

The Secretary of Education is authorized, upon notice to the debtor, to collect on defaulted student loans through an offset of federal income tax refunds. See 26 U.S.C. § 6402(d); 31 U.S.C. § 3720A. Here, two documents filed by plaintiff, which this Court may consider as part of the complaint, indicate that both the Department of the Treasury and ASA gave plaintiff the notice required by statute. See Compl. (Docket No. 2); Notice (Docket NO. 4); Blackstone Realty, LLC v. FDIC, 244 F.3d 193, 195 (1st Cir. 2001) (pursuant to Fed. R. Civ. P. 10(c), court may treat exhibits to the complaint as "a part [of the pleading] for all purposes" including a motion to dismiss).

Additionally, in seeking a release of the levy upon his social security benefits, the plaintiff is essentially asking the Court to enjoin the government from collecting a tax. Such an injunction is strictly prohibited by the Anti-Injunction Act.

See 26 U.S.C. § 7421(a) (subject to limited exceptions, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed").

## CONCLUSION

Based upon the foregoing, plaintiff's complaint is subject to dismissal for failure to state a claim upon which relief may be granted and will be dismissed pursuant to 28 U.S.C. § 1915(e) without further notice after thirty-five (35) days from the date of the accompanying Order, unless before that time plaintiff shows good cause, in writing, why his complaint should not be dismissed for the reasons stated above.

SO ORDERED.

Dated at Boston, Massachusetts, this 2nd day of December, 2004.

　　　　　　　　　　　　　　　　　　 /s/ Nancy Gertner
　　　　　　　　　　　　　　　　　　NANCY GERTNER
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE