**MANDATE**

# United States Court of Appeals
## For the First Circuit

No. 05-2094

NICHOLAS V. LIAKAS,

Plaintiff, Appellant,

v.

U.S. DEPARTMENT OF EDUCATION,

Defendant, Appellee.

Before

Boudin, <u>Chief Judge</u>,
Campbell and Stahl, <u>Senior Circuit Judges</u>.

JUDGMENT

Entered: April 5, 2006

    We affirm the judgment substantially for the reasons set forth in the district court's two memoranda, adding only the following comments. Plaintiff obtained one or more federally guaranteed loans to help pay for his daughter's college education, but ended up defaulting thereon. As a means of collection, the U.S. Department of Education (DOE) has resorted to an "administrative offset" procedure, making deductions from plaintiff's Social Security benefits and tax refunds. <u>See</u> 31 U.S.C. § 3716. Plaintiff objects that, by doing so, the DOE is violating a state court directive that the loan(s) be repaid in monthly installments. After notice, the district court summarily dismissed his complaint under 28 U.S.C. § 1915(e)(2) for failure to state a claim.

    Plaintiff cites "a violation of federal law" in his complaint, but nowhere identifies the law to which he refers. From all that appears, his challenge is confined to the contention that the terms of the state court judgment have been violated--which raises a

question of state law properly pursued in state court.[1]  In any event, as the district court observed, the injunctive relief sought by plaintiff against the DOE is specifically barred by statute. See 20 U.S.C. § 1082(a)(2).

By the Court:

Richard Cushing Donovan, Clerk.

MARGARET CARTER

By: _____
        Chief Deputy Clerk.

Certified and Issued as Mandate
under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

*M. [signature]*

Deputy Clerk

Date: 5/31/06

[cc: Nicholas Liakas, Michael Sullivan, USA,
      Patricia Connolly, AUSA]

---

[1] We note, incidentally, that modification of the monthly payments in light of changed circumstances is a possible form of relief there. See Mayone v. Municipal Court, 335 Mass. 717, 720 (1957).